SHARON KEYS

*v.*

HONORABLE JOHN HEY, *Judge, etc.*

*and*

HONORABLE WILLIAM L. FURY, *Judge, etc.*

(No. 14634)

Decided December 18, 1979.

*Allen H. Masinter, P. Thomas Denny, Denny & Caldwell* for petitioner.

*James E. Roark,* Prosecuting Attorney, *Pamela Dawn Tarr,* Assistant Prosecuting Attorney, for respondents.

CAPLAN, CHIEF JUSTICE:

The petitioner, Sharon Keys, invoking the original jurisdiction of this Court, seeks a writ to prohibit the Circuit Court of Kanawha County from enforcing an order transferring her cases, pursuant to her motion for a change of venue, to a particular county until the Court has considered the demographic characteristics of other counties with regard to race. She asks this Court to order the Circuit Court of Kanawha County to transfer the cases pending against her to a county "with a similar or greater percentage of black persons in its population [than] Kanawha County" and to prohibit the Circuit Court of Upshur County from proceeding with her cases. We deny the writ.

In May 1979, Sharon Keys was indicted by the grand jury serving the Circuit Court of Kanawha County. She was charged with murder and robbery by violence, both charges resulting from the robbery and murder of David Hopper, an Amtrak ticket agent. Alleging the existence of extensive pretrial publicity and hostile sentiment in the community, the petitioner filed a motion for a change of venue. Therein, she sought transfer of her cases to a "county far distant from Kanawha County and the surrounding counties, to a county which is outside the circulation or broadcast area of the local newspapers, televisions and radio stations, [and] to a county which is demographically similar to Kanawha County in regard to its black population ..."

The motion for a change of venue, unopposed by the State, was granted and the cases were transferred to Upshur County. Immediately thereafter counsel for the petitioner requested the court to delay its decision on the transfer to a particular county until the petitioner was afforded an opportunity to make a showing of the

demographic characteristics of the other counties with regard to race. The court denied the request and, on September 19, 1979, entered an order transferring the cases to Upshur County in the Twenty-sixth Judicial Circuit. This proceeding in prohibition followed.

The petitioner contends that a transfer of the cases pending against her to any county without a prior determination of the demographic characteristics of other counties with regard to race constitutes a denial of a fair and impartial trial and the equal protection of laws. Based upon an alleged disparity in the black population available to serve on a jury in the two counties, the petitioner argues that the transfer of her cases to Upshur County amounts to the purposeful exclusion of black citizens who constitute a substantial and identifiable segment of the population in Kanawha County where the crimes were allegedly committed. Furthermore, the petitioner says that this alleged disparity amounts to local prejudice in Upshur County, which will prevent her from receiving a fair and impartial trial. We find that these contentions are without merit.

The court's inquiry upon a motion for a change of venue is directed toward whether or not there exists a present hostile sentiment against the accused extending throughout the entire county in which he is brought to trial to such extent that good cause can be shown that the defendant will not receive a fair and impartial trial in that county. *State v. Pratt,* ___ W.Va. ___, 244 S.E.2d 227 (1978). Upon a finding of good cause shown, the Circuit Court of Kanawha County granted the motion for a change of venue and transferred the petitioner's cases to Upshur County.

Based upon an alleged 5.3 percent disparity between the black population of Kanawha County and the black population of Upshur County, as evidenced by the 1970 Census of Population, General Population Characteristics of West Virginia, the petitioner alleges that the transfer of her cases to Upshur County amounts to a systematic exclusion of blacks from jury participation

and to a local prejudice in Upshur County, and that she is therefore being denied her right to a fair and impartial trial. In support of her allegations, the petitioner cites a long line of federal cases dealing with the systematic exclusion of an identifiable class from service on grand and petit jury panels. However, she has not alleged any facts, which if proved, would establish that the Circuit Court of Kanawha County has systematically excluded any discernible group from jury participation.

The petitioner does not argue that there has been any improper exclusion of blacks from the grand jury serving the Circuit Court of Kanawha County. The essence of her claim is that she will be denied a fair and impartial trial in Upshur County. Whether that be true could not be determined by the Circuit Court of Kanawha County. Furthermore, her claim that the transfer amounts to a local prejudice in Upshur County is based on mere speculation that a county possessing somewhat dissimilar demographics will be prejudiced against her.

Should there appear to be grounds for a further change of venue, the Circuit Court of Upshur County has jurisdiction to hear and consider such grounds and to award a further change of venue if good cause therefor be shown. *State v. Woods, Judge, et al.*, 92 W.Va. 331, 115 S.E. 470 (1922). In addition, any claims relating to improper composition of the jury panel in Upshur County from which the petit jury will be selected may be taken up in the Circuit Court of Upshur County.

Accordingly, we cannot say, in the circumstances of this case, that the Circuit Court of Kanawha County has exceeded its legitimate power by refusing to consider a demographic comparison of counties with regard to race prior to transferring the petitioner's cases pursuant to her motion for a change of venue, or by transferring the petitioner's cases to a county with somewhat dissimilar demographics with regard to race. The Circuit Court of Upshur County is not prohibited from proceeding.

*Writ Denied.*